Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

George A. Hanson (*pro hac forthcoming*)
hanson@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Facsimile: (816) 714-7101

*Attorneys for Plaintiff Marion Taylor*

FILED

MAR 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARION TAYLOR, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company,

Defendants.

Case No. CV 08 1519 BZ

**COLLECTIVE AND CLASS ACTION COMPLAINT**

CLASS ACTION
DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT

## INTRODUCTION

1. Defendants Panera Bread Company and Panera, LLC (collectively, "Panera") have a policy and practice of failing to provide their Customer Associates with routine meal and rest breaks, and of failing to pay their Customer Associates for all accrued vacation time upon termination of employment. Plaintiff Marion Taylor, who was formerly employed as a Customer Associate at Panera, therefore brings this lawsuit on her own behalf and on behalf of a class of Customer Associates defined herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff classes, on the one hand, and Defendants, on the other, are citizens of different states.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (c), because Panera conducts business in this district.

## INTRADISTRICT ASSIGNMENT

4. Assignment is proper to the San Francisco or Oakland divisions of this District under Local Rule 3-2(c)-(d), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County.

## PARTIES

5. Plaintiff Marion Taylor is a California citizen residing in Antioch, California. From December 2006 until February 2008, Plaintiff was employed by Panera as a customer associate in their Antioch bakery-cafe.

6. Defendant Panera Bread Company is a Delaware corporation with its principal place of business in Richmond Heights, Missouri. Panera Bread Company does business in the State of California and nationwide.

7. Defendant Panera LLC is a Delaware limited liability company wholly owned by Panera Bread Company. Its principal place of business is also in Richmond Heights, Missouri.

8. Panera Bread Company and Panera LLC are or were the joint employers of Plaintiff and the class of employees she seeks to represent. Panera LLC engaged, suffered, or permitted Plaintiff and Class members to work in the bakery-cafes owned by Panera Bread Company. Panera Bread Company, which posts openings and solicits applications for customer associate positions on the company's website, suffered or permitted Plaintiff and Class members to work in its bakery-cafes, and employs the human-resources or employee-services personnel who had responsibility for the terms and conditions of Plaintiff's and Class members' employment with Panera LLC.

## GENERAL ALLEGATIONS

9. Panera owns and operates at least 493 bakery-cafes in 38 states across the nation, including in California, under the Panera Bread® and Saint Louis Bread Co.® names. With a mission statement of, "A loaf of bread in every arm®," Panera "understands that great bread makes great meals, from made-to-order sandwiches to tossed-to-order salads and soup served in bread bowls."

10. Plaintiff and Class members worked as Customer Associates at Panera's bakery-cafes. As Customer Associates, their primary job responsibilities were to prepare food, work the cash register, and sanitize the cooking and dining areas.

### Panera's Failure to Provide Routine Meal and Rest Breaks

11. Panera has a policy and practice, instituted and approved by company managers, of willfully failing to provide routine meal and rest breaks to its Customer Associates and willfully failing to compensate their Customer Associates for missing meal and rest breaks.

12. Panera's policy and practice regarding breaks was and is designed to ensure that Panera consistently met its *customers'* needs. Breaks could not be taken without manager approval, and Panera's managers did not allow breaks when customers needs dictated otherwise. The predictable result, as Panera knew, was that Customer Associates were routinely denied meal and rest breaks.

13. Pursuant to Panera's policy and practice, Plaintiff rarely was permitted to take meal and rest breaks during her employment at Panera. She was often told by the managers in charge that the bakery cafe was too busy for her to take a meal or rest break. The customer service demands of the bakery cafe and the relatively few Customer Associates available to meet those demands regularly made it infeasible for Plaintiff to take her meal or rest breaks. The net effect was that Plaintiff was regularly forced to forego her meal and rest breaks, and was not compensated for the missed breaks.

### Panera's Failure To Pay All Wages Owed At Termination

14. Panera also has a policy and practice, instituted and approved by company managers, of not paying its Customer Associates all the wages, including accrued vacation time, due and owing to them upon termination.

15. Pursuant to this policy and practice, when Plaintiff was terminated by Panera in February 2008, she was given a final pay check that did not include payment for all of the vacation time she was entitled to under Panera's vacation policy and under California law.

### CLASS ALLEGATIONS

16. Plaintiff brings this action as a class action on behalf of herself and all others similarly situated persons as members of a class initially defined as follows:

> **All current and former Customer Associates employed by Panera in the State of California within the last four years.**

17. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

18. The class satisfies the numerosity standards. The class is believed to number in the hundreds of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

19. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Panera's actions include, without limitation, the following:

(i) Whether Panera has of policy and practice of routinely failing to provide its Customer Associates adequate meal and rest breaks;

(ii) Whether Panera has of policy and practice of failing to pay all compensation due and owing to its Customer Associates at termination of employment; and

(iii) Whether Panera's conduct was unfair or unlawful, in violation of the California's Unfair Competition Law.

20. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

21. Plaintiff's claims are typical of those of the class in that class members have been employed in the same Customer Associate position as Plaintiff and were subject to the same unlawful practices as Plaintiff.

22. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Panera has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Panera, and/or substantially impair or impede the ability of class members to protect their interests.

23. Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

24. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent

4
CLASS ACTION COMPLAINT

adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I.
### Failure to Provide Rest and Meal Periods in Violation of California State Law

**(Brought Against Panera by Plaintiff Individually and on Behalf of the Class)**

25. Plaintiff reasserts and re-alleges the allegations set forth above.

26. Plaintiff and class members regularly worked in excess of five hours per day without being afforded at least one half-hour meal period in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5 (8 C.C.R. § 11050).

27. Plaintiff and class members regularly worked in excess of ten hours per day without being afforded two half-hour meal periods in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5 (8 C.C.R. § 11050).

28. Plaintiff and class members worked in excess of four hours per day without being afforded a ten-minute rest period.

29. Plaintiff and class members regularly worked in excess of eight hours per day without being afforded either or both of the two ten-minute rest periods as required by California Labor Code §§ 226.7 and IWC Wage Order No. 5 (8 C.C.R. § 11050).

30. Plaintiff and class members regularly worked shifts in excess of twelve hours per day without being afforded any or all of the three ten-minute periods as required by California Labor Code §§ 226.7 and IWC Wage Order No. 5 (8 C.C.R. § 11050).

31. For each time that Plaintiff and class members were not provided the required rest and/or meal period, they are entitled to recover backpay wages in the amount of one additional hour of pay at the employee's regular rate of compensation pursuant to California Labor Code §§ 226.7 and IWC Wage Order No. 5 (8 C.C.R. § 11050).

32. Plaintiff and class members are entitled to payment for backpay for each rest and/or meal period that WIS failed to provide during the class period. Plaintiff and similarly situated

5

CLASS ACTION COMPLAINT

1  employees are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in
2  recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to
3  California Labor Code § 218.6.

## COUNT II.
### Failure to Pay All Compensation Due and Owing at Termination in Violation of California State Law

**(Brought Against Panera by Plaintiff Individually and on Behalf of the Class)**

33. Plaintiff reasserts and re-alleges the allegations set forth above.

34. California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

35. California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee's notice of resignation.

36. California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period of up to thirty days.

37. Panera has willfully failed to pay all compensation and wages due and owing to Plaintiff and class members who terminated their employment with Panera. As a result, Panera is liable to Plaintiff and all similarly situated employees for wages in an amount to be determined at trial. Plaintiff are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

## COUNT III.
### Violation of the California Business and Professions Code §§ 17200, *et seq.*

**(Brought Against Panera by Plaintiff Individually and on Behalf of the Class)**

38. Plaintiff reasserts and re-alleges the allegations set forth above.

39. Panera's actions, including but not limited to its failure to provide meal and rest breaks

6
CLASS ACTION COMPLAINT

1 and its failure to pay all wages owed upon termination of employment, constitute unfair business
2 practices in violation of California Business and Professions Code §§ 17200, *et seq.*

3     40. Additionally, Panera's violation of California statutes related to the provision of meal
4 and rest breaks and the payment of wages due and owing at the time of termination of employment,
5 constitute unlawful business practices in violation of California Business and Professions Code §§
6 17200, *et seq.*

7     41. Panera continues its unlawful and unfair conduct as previously described. As a result
8 of said conduct, Panera has unlawfully and unfairly obtained monies due to Plaintiff and is unfairly
9 competing in the marketplace.

10     42. Plaintiff and class members are entitled to restitution of monies due, as well as
11 disgorgement of the ill-gotten gains obtained by Panera, for a period of four years predating the filing
12 of this Complaint.

13     43. As a direct and proximate result of Panera's conduct, Plaintiff is entitled to equitable
14 relief as appropriate under California Business and Professions Code § 17203, including restitution as
15 well as specific relief to enforce the penalty provisions of the California Labor Code and Fair Labor
16 Standards Act pursuant to Business and Professions Code § 17202.

17     44. Plaintiff is entitled to attorneys' fees and costs for promoting the interests of the
18 general public in causing Panera to cease its unlawful and unfair business practices, in an amount
19 according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable
20 law.

21                     **PRAYER FOR RELIEF**

22 WHEREFORE, Plaintiff, on her own behalf and on behalf of all others similarly situated, pray
23 for relief as follows:

24     1. An order certifying that Counts I-III of the action may be maintained as a class action
25 pursuant to Fed. R. Civ. P. 23.

26

27

28

7

CLASS ACTION COMPLAINT

1     2.    Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Panera;

    3.    Exemplary and punitive damages, as appropriate and available under each count, pursuant to California Civil Code § 3294;

    4.    Attorneys' fees pursuant to, among other things, California Labor Code § 1194(a) and pursuant to the Fair Labor Standards Act of 1938;

    5.    Costs of this suit;

    6.    Pre- and post-judgment interest; and

    7.    Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: March 19, 2008                              Respectfully submitted,

                                                   **GIRARD GIBBS LLP**

                                                   By: _____
                                                         Eric H. Gibbs

Dylan Hughes
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

George A. Hanson
(*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
330 W. 47th Street, Suite 250
Kansas City, MO 64112
Telephone: (816) 714-7170
Facsimile: (816) 714-7101

Attorneys For Plaintiff Marion Taylor

8

CLASS ACTION COMPLAINT

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MARION TAYLOR, individually, and on behalf of all others similarly situated

## DEFENDANTS
PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   St. Louis County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108   Phone: (415) 981-4800 (See attachment)

Attorneys (If Known)

E-filing   BZ   ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [X] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C § 1332(d)

Brief description of cause:
Failure to provide meal and rest breaks and other labor law violations

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE 3/19/08
SIGNATURE OF ATTORNEY OF RECORD

## Marion Taylor v. Panera Bread Company

Attachment to Civil Case Cover Sheet 1 c

Attorney's:

Dylan Hughes
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Phone: 415-981-4800

George A. Hanson (*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: 816-714-7100