MARGARET HART EDWARDS, Bar No. 65699
PHILIP L. ROSS, Bar No. 90042
MICHAEL MANKES, Bar No. 179016
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940

Attorneys for Defendants
PANERA BREAD COMPANY AND
PANERA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION TAYLOR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.  CV 08 1519 BZ<br><br>**PANERA BREAD COMPANY'S ANSWER TO COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>CLASS ACTION |

COMES NOW Defendant Panera Bread Company and for its Answer to the First Amended Collective and Class Action Complaint ("Complaint") filed by Plaintiff Marion Taylor ("Plaintiff"), on behalf of herself and all others similarly situated, admits, denies, and alleges as follows:

## INTRODUCTION

1.  Answering Paragraph 1 of the Complaint, no answer is required to the extent that this Paragraph merely defines the nature of the action, on whose behalf Plaintiff's claims are asserted, and against whom Plaintiff's claims are asserted. That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.
(NO. CV 08 1519)

basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 1.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Panera acknowledges that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. section 1332(d). That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 3.

## INTRADISTRICT ASSIGNMENT

4. Answering Paragraph 4 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 4.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Panera Bread Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 5 and, therefore, denies the same. That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.
(NO. CV 08 1519)

2.

6. Answering Paragraph 6 of the Complaint, Panera Bread Company admits the first sentence of Paragraph 6. Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Panera Bread Company admits the allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, the first sentence states a conclusion of law to which no response is required and, to the extent that the first sentence of Paragraph 8 contains any factual allegations of "joint employer" status, Panera Bread Company denies, generally and specifically, each and every allegation contained therein. Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 8.

## GENERAL ALLEGATIONS

9. Answering Paragraph 9 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named

1  as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 15 of the Complaint.

## CLASS ALLEGATIONS

16. Answering Paragraph 16 of the Complaint, Panera Bread Company admits that Plaintiff seeks to assert her claims in this case as a class action. That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against

it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 18 of the Complaint.

19. Answering Paragraph 19 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every other allegation contained in Paragraph 21.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.                5.
(NO. CV 08 1519)

22. Answering Paragraph 22 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 24.

## COUNT I

### (Failure to Provide Rest Periods in Violation of California State Law)

25. Answering Paragraph 25 of the Complaint, Panera Bread Company incorporates by reference its answers to Paragraphs 1 through 24 of the Complaint, and responds to Plaintiff's further allegations as set forth below.

26. Answering Paragraph 26 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis,

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.                6.
(NO. CV 08 1519)

1  Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 28.

29. Answering Paragraph 29 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 31.

32. Answering Paragraph 32 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 32.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.                    7.
(NO. CV 08 1519)

## COUNT II

### (Failure to Pay All Compensation Due and Owing at Termination in Violation of California State Law)

33. Answering Paragraph 33 of the Complaint, Panera Bread Company incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint, and responds to Plaintiff's further allegations as set forth below.

34. Answering Paragraph 34 of the Complaint, Panera Bread Company admits that California Labor Code section 201 requires an employer who discharges an employee to pay compensation due and owing upon discharge. That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 34.

35. Answering Paragraph 35 of the Complaint, Panera Bread Company admits that California Labor Code section 202 requires an employer to pay to an employee who voluntarily resigns compensation due and owing within seventy-two hours of resignation. That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 35.

36. Answering Paragraph 36 of the Complaint, Panera Bread Company admits that California Labor Code section 203 imposes a penalty if an employer willfully fails to pay compensation due and owing to an employee upon discharge or resignation. That said, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 36.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.    8.
(NO. CV 08 1519)

37.     Answering Paragraph 37 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 37.

## COUNT III

**(Violation of California Business and Professions Code §§ 17200, *et seq.*)**

38.     Panera Bread Company incorporates by reference its answers to Paragraphs 1 through 37 of the Complaint, and responds to Plaintiff's further allegations as set forth below.

39.     Answering Paragraph 39 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 39.

40.     Answering Paragraph 40 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 40.

41.     Answering Paragraph 41 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 41.

42.     Answering Paragraph 42 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it. On that basis, Panera Bread Company denies, generally and specifically, each and every allegation contained in Paragraph 44.

## **DEFENSES**

AS A FIRST DEFENSE, Panera Bread Company alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted.

AS A SECOND DEFENSE, Panera Bread Company alleges that it can have no liability for wages, penalties, interest, or other compensation or amounts that may be due Plaintiff because it was not Plaintiff's employer within the definition of, but not limited to, the federal Fair Labor Standards Act, the California Labor Code, or the California Industrial Welfare Commission wage orders.

AS A THIRD DEFENSE, Panera Bread Company alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Business and Professions Code section 17208, and California Code of Civil Procedure sections 203, 337, 338, 339 and/or 340.

AS AN FOURTH DEFENSE, Panera Bread Company alleges that its business actions or practices, to the extent any business actions or practices existed, were not "unfair" within the meaning of California Business and Professions Code section 17200 *et seq*.

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.                    10.
(NO. CV 08 1519)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AS A FIFTH DEFENSE, Panera Bread Company alleges that its business actions or practices, to the extent any business actions were taken or practices existed, were not "unlawful" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS A SIXTH DEFENSE, Panera Bread Company alleges that its business actions or practices, to the extent any business actions were taken or practices existed, were not "harmful" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS AN SEVENTH DEFENSE, Panera Bread Company alleges that its business actions or practices, to the extent any business actions were taken or practices existed, were not "fraudulent" or "deceptive" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS A EIGHTH DEFENSE, Panera Bread Company alleges that Plaintiff's claims under the California Labor Code, including Labor Code section 226.7, are barred because Plaintiff lacks a private right of action to bring suit under that statute.

AS A NINTH DEFENSE, Panera Bread Company alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because any failure to pay wages found to be due Plaintiff was not willful.

AS A TENTH DEFENSE, Panera Bread Company alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Panera Bread Company's obligation to pay any wages that may be found to be due.

AS A ELEVENTH DEFENSE, Panera Bread Company alleges that Plaintiff's claims are barred by the doctrine of estoppel.

AS A TWELFTH DEFENSE, Panera Bread Company alleges that Plaintiff lacks standing to bring her claims and the claims of putative class members as to all or a portion of the claims presented in the Complaint.

AS A THIRTEENTH DEFENSE, Panera Bread Company alleges that all or portions of Plaintiff's claims are barred by the doctrine of laches.

AS AN FOURTEENTH DEFENSE, Panera Bread Company alleges that all or portions of Plaintiff's claims are barred by the doctrine of unclean hands.

AS A FIFTEENTH DEFENSE, Panera Bread Company alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because reasonable steps were taken to prevent and correct any improper wage payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to her, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

AS A SIXTEENTH DEFENSE, Panera Bread Company alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because Plaintiff failed to take meal and rest periods provided to her.

AS A SEVENTEENTH DEFENSE, Panera Bread Company alleges that Plaintiff was treated fairly and in good faith, and that all actions taken with respect to Plaintiff, to the extent any actions were taken, were taken for lawful business reasons and in good faith.

AS A EIGHTEENTH DEFENSE, Panera Bread Company alleges that Plaintiff's prosecution of this action by Plaintiff as a representative of the general public under California Business and Professions Code section 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Panera Bread Company's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

AS A NINETEENTH DEFENSE, Panera Bread alleges that the Complaint fails to properly state a claim for punitive damages as the claims asserted by Plaintiff do not provide for punitive or exemplary damages as a remedy or an element of damages.

AS A TWENTIETH DEFENSE, Panera Bread Company alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

AS A TWENTY-FIRST DEFENSE, Panera Bread Company alleges that all or portions of Plaintiff's claims are barred by the doctrine of waiver or release, including, but not limited to, Plaintiff's waiver of meal and/or rest breaks provided to her.

AS A TWENTY-SECOND DEFENSE, Panera Bread Company alleges that Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

AS A TWENTY-THIRD DEFENSE, Panera Bread Company alleges that any unlawful or other wrongful acts of any person(s) employed by Panera Bread Company, to the extent that any such acts were taken, were outside of the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned by Panera Bread Company, nor did Panera Bread Company know or have reason to be aware of such alleged conduct.

AS A TWENTY-FOURTH DEFENSE, Panera Bread Company alleges that Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

AS A TWENTY-FIFTH DEFENSE, Panera Bread Company alleges that Plaintiff's claims for recovery pursuant to California Business and Professions Code section 17200 *et seq.* are barred with respect to penalties of any nature.

AS A TWENTY-SIXTH DEFENSE, Panera Bread Company alleges that, to the extent Plaintiff seeks statutory or other penalties or punitive damages, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

AS A TWENTY-SEVENTH DEFENSE, Panera Bread Company alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the California Industrial Welfare Commission or the provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate Panera Bread Company's rights under the United States and California Constitutions to, among other things, due process of law.

AS A TWENTY-EIGHTH DEFENSE, Panera Bread Company alleges that Plaintiff's prayers for restitution, disgorgement, or equitable relief under California Business and Professions Code section 17200 *et seq.* are barred with respect to any alleged violations that have discontinued, ceased, or are not likely to recur.

AS A TWENTY-NINTH DEFENSE, Panera Bread Company alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Panera Bread Company.

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.            13.
(NO. CV 08 1519)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

AS A THIRTIETH DEFENSE, Panera Bread Company alleges that the Complaint fails to properly state a claim for prejudgment interest, as the damages claimed are not sufficiently certain to support an award of prejudgment interest.

AS A THIRTY-FIRST DEFENSE, Panera Bread Company alleges that the Complaint fails to properly state a claim for recovery of costs and attorney's fees under California Labor Code sections 218.5 or 1194, California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et seq.*, 29 U.S.C. section 216(b), or any other basis.

AS A THIRTY-SECOND DEFENSE, Panera Bread Company alleges that the Complaint fails to properly state a claim for recovery of compensatory damages based upon wages due and owing, restitution, disgorgement, or any other basis.

AS A THIRTY-THIRD DEFENSE, Panera Bread Company alleges that Panera Bread Company is entitled to an offset against any relief due Plaintiff and/or those persons she seeks to represent, based upon their respective wrongful conduct and/or monies owed to Panera Bread Company.

AS A THIRTY-FOURTH DEFENSE, Panera Bread Company alleges that Plaintiff cannot fairly and adequately represent the interests of the purported class.

AS A THIRTY-FIFTH DEFENSE, Panera Bread Company alleges that Plaintiff is not a proper party to the action.

AS A THIRTY-SIXTH DEFENSE, Panera Bread Company alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Panera Bread Company's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the California Constitution.

AS A THIRTY-SEVENTH DEFENSE, Panera Bread Company alleges that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues predominate;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.                    14.
(NO. CV 08 1519)

(d) Plaintiff's claims are not representative or typical of the claims of the putative class; (e) Plaintiff is not a proper class representative; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (h) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; (i) the alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the alleged putative class is ascertainable and its members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

AS A THIRTY-EIGHTH DEFENSE, Panera Bread Company alleges that the adjudication of the claims of the putative class through generalized class-wide proof would violate Panera Bread Company's rights to trial by jury under the United States Constitution and the California Constitution.

AS A THIRTY-NINTH DEFENSE, Panera Bread Company alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiff or putative class members to any relief, including, but not limited to, its failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, its failure to allege facts showing that Plaintiff has no adequate remedy at law, and that the proposed relief would impose an undue burden on both Panera Bread Company and the Court and be so uncertain as to be wholly unenforceable.

AS A FORTIETH DEFENSE, Panera Bread Company alleges that some work performed by Plaintiff or putative class members was completely voluntary in nature and without Panera Bread Company's knowledge or authorization, and was not required as a term or condition of Plaintiff's or putative class members' continued employment, and does not constitute compensable working time under California law.

AS A FORTY-FIRST DEFENSE, Panera Bread Company alleges that any time spent by the Plaintiff and putative class members beyond their compensated workweek, including any missed meal or rest break time, was *de minimis.*

AS A FORTY-SECOND DEFENSE, Panera Bread Company alleges that Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages.

AS A FORTY-THIRD, Panera Bread Company asserts that the imposition of punitive damages, if punitive damages are indeed prayed for, would violate its constitutional rights to due process and to equal protection and to be free from excessive fines, would constitute a criminal penalty, entitling it to the rights given to defendants in criminal proceedings under the Constitutions of the United States and the State of California, and/or is barred by the United States Supreme Court's decision in *Kolstad v. American Dental Association.*

AS A FORTY-FOURTH DEFENSE, Panera Bread Company alleges that Plaintiff's claims are barred in whole or in part and Plaintiff lacks standing to bring her claims because Plaintiff's alleged injuries were caused by her own failure to perform her job duties consistent with expectations and her failure to follow directives, policies and procedures.

AS A FORTY-FIFTH DEFENSE, Panera Bread Company alleges that no punitive damages may be awarded because managers who allegedly denied meal and/or rest breaks were not managing agents of Panera Bread Company.

AS A FORTY-SIXTH DEFENSE, Panera Bread Company opposes class certification and disputes the propriety of class treatment. If the Court certifies a class action in this case over Panera Bread Company's objections, then Panera Bread Company asserts the affirmative defenses set forth herein against each and every member of the certified class.

**PRAYER FOR RELIEF**

WHEREFORE, Panera Bread Company prays for judgment from this Court as follows:

1.   Plaintiff takes nothing by this action;

2.   That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Panera Bread Company on each of Plaintiff's causes of action;

3.   That Plaintiff be ordered to pay Panera Bread Company costs and attorney's fees, including, but not limited to, costs and attorney's fees provided under California Labor Code section 218.5; and

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.
(NO. CV 08 1519)

16.

1  4.  Such other and further relief as the Court deems appropriate and proper.

Dated: April 14, 2008

Respectfully submitted,

*/s/ Margaret Hart Edwards*
Margaret Hart Edwards
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
PANERA BREAD COMPANY AND
PANERA LLC

Firmwide:84717427.1 054286.1007

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA BREAD CO.'S ANSW. TO COLL.
AND CLASS ACTION COMPL.        17.
(NO. CV 08 1519)