MARGARET HART EDWARDS, Bar No. 65699
PHILIP L. ROSS, Bar No. 90042
MICHAEL MANKES, Bar No. 179016
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendants
PANERA BREAD COMPANY AND
PANERA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION TAYLOR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. CV 08 1519 BZ<br><br>**PANERA LLC'S ANSWER TO COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>CLASS ACTION |

COMES NOW Defendant Panera LLC ("Panera") and for its Answer to the First Amended Collective and Class Action Complaint ("Complaint") filed by Plaintiff Marion Taylor ("Plaintiff"), on behalf of herself and all others similarly situated, admits, denies, and alleges as follows:

### INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Panera admits that it formerly employed Plaintiff Marion Taylor as a Customer Associate. Except as expressly admitted herein, Panera denies, generally and specifically, each and every allegation contained in Paragraph 1.

### JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Panera acknowledges that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. section 1332(d). To the extent

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)

that the recitation of any purported basis for jurisdiction gives rise to an inference that Panera engaged in any unlawful conduct toward Plaintiff and/or some or all of the class of allegedly similarly situated persons, or that they are entitled to any remedy or relief from Panera, such inference is denied.

3. Answering Paragraph 3 of the Complaint, Panera admits that venue is technically proper in the Northern District of California and that it conducts business in Northern California.

## INTRADISTRICT ASSIGNMENT

4. Answering Paragraph 4 of the Complaint, Panera admits that assignment is technically proper to the San Francisco or Oakland divisions of the Northern District of California. Panera denies that a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County and, except as expressly admitted herein, denies, generally and specifically, each and every other allegation contained in Paragraph 4 of the Complaint.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Panera is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 5 and, therefore, denies the same. Panera admits that it employed Plaintiff from December 2006 through February 2008 as a customer associate at a bakery-café located in Antioch, California. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Panera admits the allegations contained in the first sentence of Paragraph 6. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, Panera admits the allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, the first sentence states a conclusion of law to which no response is required and, to the extent that the first sentence of Paragraph 8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)    2.

contains any factual allegations of "joint employer" status, Panera denies, generally and specifically, each and every allegation contained therein. Panera admits that it employed Plaintiff and putative class members to work in bakery-cafes. Panera further admits that it posts openings and solicits applications for customer associate positions on its website, and employs human resources personnel who have responsibility for interpreting and enforcing its policies and procedures. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9.  Answering Paragraph 9 of the Complaint, Panera admits that it operates approximately 500 bakery-cafes in 25 states across the nation, including in California, under the Panera Bread® and Saint Louis Bread Co.® names. Panera further admits that its "concept essence" includes those statements set forth in the second sentence of Paragraph 9. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Panera admits that it employs customer associates at bakery-cafes. Panera further admits that customer associates' job responsibilities include, but are not limited to, preparation of food, working the cash register, and sanitizing the cooking and dining areas. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Panera admits that General Managers and/or Assistant Managers schedule or approve customer associate breaks. Panera denies any implication that it maintains an unlawful policy or practice concerning breaks. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 13 of the Complaint.

14. Answering Paragraph 14 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 14 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Panera alleges that when Plaintiff's employment was terminated in February 2008, she was paid all wages due, including her vacation entitlement, and that, because Plaintiff inappropriately gave away Panera food, she owes compensation to Panera. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 15 of the Complaint.

## CLASS ALLEGATIONS

16. Answering Paragraph 16 of the Complaint, Panera admits that Plaintiff seeks to assert her claims in this case as a class action. Panera denies the implication that this case is suitable for class action treatment. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 20.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)       4.

21. Answering Paragraph 21 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 24.

## COUNT I

### (Failure to Provide Rest Periods in Violation of California State Law)

25. Answering Paragraph 25 of the Complaint, Panera incorporates by reference its answers to Paragraphs 1 through 24 of the Complaint, and responds to Plaintiff's further allegations as set forth below.

26. Answering Paragraph 26 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 26 of the Complaint.

27. Answering Paragraph 27 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 30 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)   5.

31. Answering Paragraph 31 of the Complaint, Panera alleges that Paragraph 31 states a conclusion of law to which no response is required. To the extent that Paragraph 31 contains any factual allegations, Panera denies, generally and specifically, each and every allegation contained therein. Panera further denies the implication that Plaintiff and putative class members were not provided rest and/or meal periods in accordance with California law.

32. Answering Paragraph 32 of the Complaint, Panera alleges that Paragraph 32 states conclusions of law to which no responses are required. To the extent that Paragraph 32 contains any factual allegations, Panera denies, generally and specifically, each and every allegation contained therein. Panera further denies the implication that Plaintiff and putative class members were not provided rest and/or meal periods in accordance with California law.

## COUNT II

**(Failure to Pay All Compensation Due and Owing at Termination**

**in Violation of California State Law)**

33. Answering Paragraph 33 of the Complaint, Panera incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint, and responds to Plaintiff's further allegations as set forth below.

34. Answering Paragraph 34 of the Complaint, Panera alleges that Paragraph 34 states a conclusion of law to which no response is required. To the extent that Paragraph 34 contains any factual allegations, Panera denies, generally and specifically, each and every allegation contained therein. Panera further denies the implication that Plaintiff or any putative class member was discharged without being paid all compensation due and owing.

35. Answering Paragraph 35 of the Complaint, Panera alleges that Paragraph 35 states a conclusion of law to which no response is required. To the extent that Paragraph 35 contains any factual allegations, Panera denies, generally and specifically, each and every allegation contained therein. Panera further denies the implication that Plaintiff or any putative class member resigned without being paid all compensation due and owing.

36. Answering Paragraph 36 of the Complaint, Panera alleges that Paragraph 36 state a conclusion of law to which no response is required. To the extent that Paragraph 36 contains

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)    6.

any factual allegations, Panera denies, generally and specifically, each and every allegation contained therein. Panera further denies the implication that Plaintiff or any putative class member was discharged or resigned without being paid all compensation due and owing.

37. Answering Paragraph 37 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 37 of the Complaint.

## COUNT III

### (Violation of California Business and Professions Code §§ 17200, *et seq.*)

38. Answering Paragraph 38 of the Complaint, Panera incorporates by reference its answers to Paragraphs 1 through 37 of the Complaint, and responds to Plaintiff's further allegations as set forth below.

39. Answering Paragraph 39 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 39 of the Complaint. Panera further denies the implication that it failed to provide meal and rest breaks and/or failed to pay all wages owed upon termination.

40. Answering Paragraph 40 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 40 of the Complaint. Panera further denies the implication that it failed to provide meal and rest breaks and/or failed to pay all wages owed upon termination.

41. Answering Paragraph 41 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 41 of the Complaint. Panera further denies the implication that it engaged in any unlawful or unfair conduct.

42. Answering Paragraph 42 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 42 of the Complaint.

43. Answering Paragraph 43 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 43 of the Complaint.

44. Answering Paragraph 44 of the Complaint, Panera denies, generally and specifically, each and every allegation contained in Paragraph 44 of the Complaint. Panera further denies the implication that it engaged in any unlawful or unfair conduct.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)    7.

# DEFENSES

AS A FIRST DEFENSE, Panera alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted.

AS A SECOND DEFENSE, Panera alleges that Plaintiff's claims are barred in whole or in part and Plaintiff lacks standing to bring her claims because Plaintiff's alleged injuries were caused by her own failure to perform her job duties consistent with expectations and her failure to follow directives, policies and procedures.

AS A THIRD DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Business and Professions Code section 17208, and California Code of Civil Procedure sections 337, 338, 339 and/or 340.

AS A FOURTH DEFENSE, Panera alleges that its business actions or practices were not "unfair" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS A FIFTH DEFENSE, Panera alleges that its business actions or practices were not "unlawful" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS A SIXTH DEFENSE, Panera alleges that its business actions or practices were not "harmful" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS A SEVENTH DEFENSE, Panera alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning of California Business and Professions Code section 17200 *et seq.*

AS AN EIGHTH DEFENSE, Panera alleges that Plaintiff's claims under the California Labor Code, including Labor Code section 226.7, are barred because Plaintiff lacks a private right of action to bring suit under that statute.

AS A NINTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because any failure to pay wages found to be due Plaintiff was not willful.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

AS A TENTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Panera's obligation to pay any wages that may be found to be due.

AS AN ELEVENTH DEFENSE, Panera alleges that Plaintiff's claims are barred by the doctrine of estoppel.

AS A TWELFTH DEFENSE, Panera alleges that Plaintiff lacks standing to bring her claims and the claims of putative class members as to all or a portion of the claims presented in the Complaint.

AS A THIRTEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of laches.

AS A FOURTEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of unclean hands.

AS A FIFTEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because reasonable steps were taken to prevent and correct improper wage payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to her, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

AS A SIXTEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because Plaintiff failed to take meal and rest periods provided to her.

AS A SEVENTEENTH DEFENSE, Panera alleges that Plaintiff was treated fairly and in good faith, and that all actions taken with respect to Plaintiff were taken for lawful business reasons and in good faith.

AS AN EIGHTEENTH DEFENSE, Panera alleges that Plaintiff's prosecution of this action by Plaintiff as a representative of the general public under California Business and Professions Code section 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Panera's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)    9.

AS A NINETEENTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for punitive damages as the claims asserted by Plaintiff do not provide for punitive or exemplary damages as a remedy or an element of damages.

AS A TWENTIETH DEFENSE, Panera alleges that Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

AS A TWENTY-FIRST DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of waiver or release, including, but not limited to, Plaintiff's waiver of meal and/or rest breaks provided to her.

AS A TWENTY-SECOND DEFENSE, Panera alleges that Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

AS A TWENTY-THIRD DEFENSE, Panera alleges that any unlawful or other wrongful acts of any person(s) employed by Panera were outside of the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned by Panera, nor did Panera know or have reason to be aware of such alleged conduct.

AS A TWENTY-FOURTH DEFENSE, Panera alleges that Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

AS A TWENTY-FIFTH DEFENSE, Panera alleges that Plaintiff's claims for recovery pursuant to California Business and Professions Code section 17200 *et seq.* are barred with respect to penalties of any nature.

AS A TWENTY-SIXTH DEFENSE, Panera alleges that, to the extent Plaintiff seeks statutory or other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

AS A TWENTY-SEVENTH DEFENSE, Panera alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the California Industrial Welfare Commission or the provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate Panera's rights under the United States and California Constitutions to, among other things, due process of law.

AS A TWENTY-EIGHTH DEFENSE, Panera alleges that Plaintiff's prayers for restitution, disgorgement, or equitable relief under California Business and Professions Code section 17200 *et seq.* are barred with respect to any alleged violations that have discontinued, ceased, or are not likely to recur.

AS A TWENTY-NINTH DEFENSE, Panera alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Panera.

AS A THIRTIETH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for prejudgment interest, as the damages claimed are not sufficiently certain to support an award of prejudgment interest.

AS A THIRTY-FIRST DEFENSE, Panera alleges that the Complaint fails to properly state a claim for recovery of costs and attorney's fees under California Labor Code sections 218.5 or 1194, California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et seq.*, 29 U.S.C. section 216(b), or any other basis.

AS A THIRTY-SECOND DEFENSE, Panera alleges that the Complaint fails to properly state a claim for recovery of compensatory damages based upon wages due and owing, restitution, disgorgement, or any other basis.

AS A THIRTY-THIRD DEFENSE, Panera alleges that it is entitled to an offset against any relief due Plaintiff and/or those persons she seeks to represent, based upon their respective wrongful conduct and/or monies owed to Panera, including, but not limited to, any overpayments made to Plaintiff, any property of Panera taken by Plaintiff, and any monies owed by Plaintiff to Panera for Plaintiff giving away food while employed at Panera.

AS A THIRTY-FOURTH DEFENSE, Panera alleges that Plaintiff cannot fairly and adequately represent the interests of the purported class.

AS A THIRTY-FIFTH DEFENSE, Panera alleges that Plaintiff is not a proper party to the action.

AS A THIRTY-SIXTH DEFENSE, Panera alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Panera's rights to

trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of the California Constitution.

AS A THIRTY-SEVENTH DEFENSE, Panera alleges that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of the putative class; (e) Plaintiff is not a proper class representative; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (h) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; (i) the alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the alleged putative class is ascertainable and its members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

AS A THIRTY-EIGHTH DEFENSE, Panera alleges that the adjudication of the claims of the putative class through generalized class-wide proof would violate Panera's rights to trial by jury under the United States Constitution and the California Constitution.

AS A THIRTY-NINTH DEFENSE, Panera alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiff or putative class members to any relief, including, but not limited to, its failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, its failure to allege facts showing that Plaintiff has no adequate remedy at law, and that the proposed relief would impose an undue burden on both Panera and the Court and be so uncertain as to be wholly unenforceable.

AS A FORTIETH DEFENSE, Panera alleges that some work performed by Plaintiff or putative class members was completely voluntary in nature and without Panera's knowledge or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)    12.

authorization, and was not required by the Panera as a term or condition of Plaintiff's or putative class members' continued employment, and does not constitute compensable working time.

AS A FORTY-FIRST DEFENSE, Panera alleges that any time spent by the Plaintiff and putative class members beyond their compensated workweek, including any missed meal or rest break time, was *de minimis.*

AS A FORTY-SECOND DEFENSE, Panera alleges that Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages.

AS A FORTY-THIRD DEFENSE, Panera asserts that the imposition of punitive damages, if punitive damages are indeed prayed for, would violate its constitutional rights to due process and to equal protection and to be free from excessive fines, would constitute a criminal penalty, entitling it to the rights given to defendants in criminal proceedings under the Constitutions of the United States and the State of California, and/or is barred by the United States Supreme Court's decision in *Kolstad v. American Dental Association.*

AS A FORTY-FOURTH DEFENSE, Panera alleges that no punitive damages may be awarded because managers who allegedly denied meal and/or rest breaks were not managing agents of Panera.

AS A FORTY-FIFTH DEFENSE, Panera opposes class certification and disputes the propriety of class treatment. If the Court certifies a class and/or collective action in this case over Panera's objections, then Panera asserts the affirmative defenses set forth herein against each and every member of the certified class.

**PRAYER FOR RELIEF**

WHEREFORE, Panera prays for judgment from this Court as follows:

1. Plaintiff takes nothing by this action;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Panera on each of Plaintiff's causes of action;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)   13.

3. That Plaintiff be ordered to pay Panera its costs and attorney's fees, including, but not limited to, costs and attorney's fees provided under California Labor Code section 218.5; and

4. Such other and further relief as the Court deems appropriate and proper.

Dated: April 14, 2008

Respectfully submitted,

*Margaret Hart Edwards*
Margaret Hart Edwards
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
PANERA BREAD COMPANY AND
PANERA LLC

Firmwide:84717126.1 054286.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA LLC'S ANSW. TO COLL. AND
CLASS ACTION COMPL. (NO. CV 08 1519)   14.